378 So.2d 662 (1980)
Kermit Eugene PARKER
v.
STATE of Mississippi.
No. 51646.
Supreme Court of Mississippi.
January 9, 1980.
Colingo & Blackwell, Eddie C. Williams, Pascagoula, for appellant.
A.F. Summer, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Kermit Eugene Parker was convicted in the Circuit Court of Jackson County on a charge of burglary and was sentenced to serve five (5) years in the Department of Corrections. He appeals and assigns three errors in the trial below, only two of which need be considered here.

I.
Did the court err in refusing to grant a peremptory instruction for appellant?

II.
Did the court commit reversible error by permitting the district attorney, over objection, to impeach a witness for the State by using an unsigned statement and without laying the proper predicate?
Dr. Jack C. Hoover's home in Pascagoula, Mississippi was burglarized on December 20, 1977. The burglary, which occurred about 1:00 p.m., was discovered at 2:00 p.m. when Dr. and Mrs. Hoover returned home.
The conviction of appellant is based upon testimony of Thomas Evans, an accomplice and State witness. He testified on direct examination that either he and appellant, or he and one Broadus, burglarized the Hoover home. He admitted that he had been drunk all the day before, the day of, and the day after, the burglary. Evans was not sure whether appellant, or Broadus, walked up to the door of the home and knocked to determine if anyone was there, and he was unsure whether he, or appellant, entered a window of the house. Evans was positive that he was drunk and that he was not sure what was happening.
On cross-examination, Evans repudiated and contradicted practically everything he had testified to on direct examination. He *663 said that he was so drunk he didn't remember giving a statement to the officers after the burglary and that he was so drunk he didn't know whether appellant was with him or not. He further testified that the officers told him Parker had confessed to the crime and had implicated Evans and that the reason he (Evans) said Parker was involved was due to what the officers told him about Parker having "put the finger on Evans." He also testified that a consideration for implicating Parker was his fear of going back to the penitentiary and that he was told he could stay in the county jail (where he was confined at the time of the trial) and visit his wife on weekends, in exchange for testifying as a State witness.
The State introduced one Richard Mitchell who testified that on the day of the burglary, he drove appellant to an area in the vicinity of the burglarized home for the purpose of "picking up some stuff." He let appellant out of his automobile in some woods and was to return for him a little later. He was arrested and, a short while later, appellant was also arrested. Mitchell testified, on cross-examination, that appellant had never told him he had any connection with the burglary, and that he did not connect appellant with the crime. On redirect examination, over objection, the district attorney interrogated Mitchell about an unsigned statement (reduced to writing) he had made to the police reciting that appellant told him he had broken into a house. The questions asked by the State about same were leading and suggestive, and were an apparent effort either to impeach Mitchell or to bolster his testimony on direct examination. No predicate, or basis for cross-examining Mitchell as a hostile witness, was laid. The questions and procedure were improper, should not have been permitted, and were contrary to Gardner v. State, 368 So.2d 245 (Miss. 1979), and other cases cited therein.
Under the rule announced in Jones v. State,, 368 So.2d 1265 (Miss. 1979), and numerous other cases, the testimony of an accomplice must be viewed with great caution and suspicion and, where it is uncorroborated, it must be reasonable, not improbable, not self-contradictory, and not substantially impeached. The testimony of the accomplice Evans is uncorroborated, is self-contradictory, and is impeached. In our opinion, it is unworthy of credibility, and does not support the conviction. Therefore, the judgment of the lower court is reversed and the appellant is discharged.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.