KITCHENS, Justice,
for the Court:
¶ 1. Following a jury trial, Willie L. Williams, Jr., was convicted of attempted armed robbery and sentenced to fifteen years’ incarceration with ten years to serve. Finding that the trial court erred by refusing a cautionary jury instruction on accomplice testimony, we reverse and remand the case for a new trial.

Facts

¶ 2. Stephanie Cannon owned and operated Stephanie’s Discount Store in Rule-ville, Mississippi. On March 22, 2007, she was working in her store when a young man entered and inquired about a certain brand of jeans. Moments later, another man, his face covered with a white shirt, entered the store and pointed a handgun at her. Cannon immediately grabbed her handgun and commenced shooting. Both men fled the store, and, in the process, one dropped a firearm just inside the doorway. When one of the men came back to retrieve the weapon, Cannon shot him. The wounded man ran across the street, leaving a trail of blood.
¶ 3. Cannon called the police and informed them that two men had attempted to rob her. One of the responding officers followed the blood trail and found Terrence Young wounded and lying on the ground behind a nearby house. Young was immediately transported to a hospital. Both handguns wielded by the suspects were recovered by officers, along with a white T-shirt and a blue T-shirt. Two holes had been cut in each shirt, which, *489 according to the testifying officer, appeared to be holes for eyes.
¶ 4. Later that day, Montreal Veal went to the police station looking for his cousin, Terrence Young. When questioned about the incident, Yeal told police officers that Young and Williams had attempted to rob Cannon’s store, but that he, Veal, was not involved. His claim of innocence notwithstanding, Veal was arrested.
¶ 5. Williams also was questioned and arrested that day. Like Veal, he denied any involvement, and told officers that Young and Veal were the real perpetrators.[1]
¶ 6. A few days later, while still hospitalized, Young told the police that he, Montreal Veal, and Willie Williams, Jr., had attempted to rob Cannon’s store. Young’s trial testimony, though more detailed, was consistent with the statement he had given police. According to Young, he and Veal went to Williams’s house on the morning of the robbery attempt after Williams had called and invited them over. Young testified that, once they all had arrived, Williams asked for Young’s handgun so he could rob Cannon’s store. Young testified that the three men devised a plan whereby Veal would enter the store first and distract the clerk. Next, Young and Williams would enter the store, their faces covered, with Williams carrying the gun.
¶ 7. Young testified that the robbery began as planned. According to Young, Veal entered the store first while Young and Williams waited, their faces covered with T-shirts. Williams entered a few minutes later, Young said, pointing the firearm at Cannon, but made it into the store only a few steps before Cannon started shooting. Young testified that he had merely approached the door of the business before all three men were forced to flee from Cannon’s gunfire. When Williams told Young that he had dropped the handgun, Young decided to retrieve it. As Young entered the store and attempted to grab his weapon, Cannon shot him in his abdomen.
¶ 8. Veal also testified at trial, and despite his earlier statement claiming no involvement in the crime, he gave a version of events quite similar to Young’s. Veal testified that he initially had denied being involved because he was afraid.
¶ 9. Williams testified in his own defense, maintaining that Veal and Young were the only two involved in the crime. According to Williams, he did not invite the other men to his house that day, claiming that the two men simply had run out of gasoline near his house. Williams testified that he remained at his house while Veal and Young left to go find gas money from a relative who lived nearby, and that he had no idea they were involved in an attempted robbery until Veal returned and said that Young had been shot. Williams said that he was outside his house, talking with a friend, Cherokee Cox, when the incident took place. Although Cox was identified by Williams, prior to trial, as a potential alibi witness, she was not called to testify.
¶ 10. The jury found Williams guilty of attempted armed robbery; but because the jury was unable to agree upon a life sentence, the judge conducted a separate sentencing hearing. See Miss.Code Ann. § 97-3-79 (Rev.2006). Following that hearing, the trial judge sentenced Williams to fifteen years in custody, with ten of *490 those years to be served, followed by five years of post-release supervision.

Discussion

¶ 11. Williams raises two issues on appeal: (1) whether the trial judge erred in refusing a cautionary jury instruction regarding accomplice testimony; and (2) whether the trial judge erred by not ordering a mistrial, sua sponte, due to improper comments by the prosecution during closing arguments. We find the first issue dispositive.
¶ 12. “Clear law in the State of Mississippi is that the jury is to regard the testimony of co-conspirators with great caution and suspicion.” Derden v. State, 522 So.2d 752, 754 (Miss.1988) (citing Winters v. State, 449 So.2d 766, 771 (Miss. 1984); Simpson v. State, 366 So.2d 1085 (Miss.1979); Thomas v. State, 340 So.2d 1 (Miss.1976)). When determining whether a defendant is entitled to such a cautionary instruction, the trial judge considers whether the witness was in fact an accomplice and whether the witness’s testimony was corroborated. Brown v. State, 890 So.2d 901, 910 (Miss.2004) (citing Burke v. State, 576 So.2d 1239, 1242 (Miss.1991)). Although granting a cautionary instruction regarding the testimony of an accomplice is within the trial judge’s discretion, such an instruction is required when the accomplice’s testimony is the sole basis for the conviction, and the defendant’s guilt is not clearly proven. Wheeler v. State, 560 So.2d 171, 173 (Miss.1990) (citing Holmes v. State, 481 So.2d 319, 322-23 (Miss.1985); Hussey v. State, 473 So.2d 478, 480 (Miss. 1985)).
¶ 13. In refusing the proposed instruction the trial judge stated,
There is a case of Collum, C-O-L-L-UM, that gives the two part test for accomplice’s testimony. Of course, it has got to be an accomplice, but also it has got to be substantially impeached or unreasonable and it does not meet that burden under the two part test of Col-lum, so that would [be] refused.
¶ 14. We are unable to locate a Mississippi case involving a defendant named Collum which also addresses accomplice testimony. In addition, it appears that the trial judge incorrectly described the test governing whether accomplice testimony, standing alone, is sufficient to support a conviction. While there are Mississippi cases that refer to “unreasonable” or “substantially impeached” accomplice testimony, they tend to focus on whether such testimony is sufficient to support a conviction, not whether a cautionary jury instruction is proper. E.g., Payton v. State, 897 So.2d 921, 937 (Miss.2003); Brown v. State, 682 So.2d 340, 344 (Miss.1996); Ballenger v. State, 667 So.2d 1242, 1253 (Miss.1995); Mason v. State, 429 So.2d 569, 571 (Miss.1983); Moody v. State, 371 So.2d 408 (Miss.1979). The controlling principle is that “the uncorroborated testimony of an accomplice may be sufficient to convict an accused.... However, the general rule is inapplicable in those cases where the testimony is unreasonable, self contradictory or substantially impeached.” Ballenger, 667 So.2d at 1253 (quoting Flanagan v. State, 605 So.2d 753, 757-58 (Miss. 1992)). In such cases, the trial court must direct a verdict of not guilty. Id.
¶ 15. The test for whether evidence is sufficient to support a conviction is more stringent than the test for whether the evidence warrants a cautionary jury instruction. In the first instance, the case never reaches the jury, and the defendant is acquitted. See, e.g., Catchings v. State, 394 So.2d 869, 870 (Miss.1981) (citations omitted). In the second instance, the jury is permitted to find the defendant guilty or *491 not guilty, but is instructed that the uncorroborated testimony of an accomplice should be regarded with “great caution and suspicion.” Walton v. State, 998 So.2d 971, 977 (Miss.2008) (quoting Strahun v. State, 729 So.2d 800, 805 (Miss.1998)).
¶ 16. On appeal, both the State and Williams make the same mistake as the trial court. Both argue that the accomplice’s testimony must be “self-contradictory” or “substantially impeached” to warrant a cautionary instruction, but the cases on which they rely address the sufficiency of the evidence. The State does quote a case from the Court of Appeals that held, “[a] cautionary instruction is warranted when the testimony of an accomplice is ‘unreasonable, self contradictory or substantially impeached.’ ” Clemons v. State, 952 So.2d 814, 318 (Miss.Ct.App.2007) (quoting Ballenger, 667 So.2d at 1253). However, Clemons relies on this Court’s decision in Ballenger which, as discussed above, sets forth the test for whether the uncorroborated testimony of an accomplice is sufficient to support a conviction, not whether a cautionary instruction is required.
¶ 17. This Court also has confused the two tests. In Ellis v. State, 790 So.2d 813, 816 (Miss.2001), just as in Clemons, this Court relied on Ballenger to conclude that “a cautionary instruction is warranted when the testimony of an accomplice is ‘unreasonable, self contradictory or substantially impeached.’ ” Ellis, 790 So.2d at 816 (quoting Ballenger, 667 So.2d at 1253). And, although it did not affect the outcome, this Court repeated Ellis’s mistaken announcement of the rule in obiter dicta in Smith v. State, 907 So.2d 292, 298 (Miss. 2005) (citing Ellis, 790 So.2d at 816). To the extent that Ellis and Clemons suggest that accomplice testimony must be “unreasonable, self-contradictory, or substantially impeached” before a cautionary jury instruction is required, they are overruled. We now clarify that for a defendant to be entitled to a cautionary jury instruction, it is only necessary that the accomplice’s testimony be uncorroborated. Brown, 682 So.2d at 344.
¶ 18. Here, the State argues that the testimony of Veal and Young was substantially corroborated by other evidence. For example, the State points out that Young identified the dropped handgun that was found in the store and that police officers were able to corroborate Young’s statement that he was shot.
¶ 19. However, none of this supports Young’s or Veal’s claims that Williams was involved in the attempted robbery. In determining whether a cautionary jury instruction is required, the testimony that must be corroborated is the testimony tying the defendant on trial to the crime, and it is irrelevant whether other portions of the accomplice’s testimony are corroborated. Holmes, 481 So.2d at 322. In Holmes, this Court reversed a conviction for failure to give a cautionary jury instruction where the only evidence directly tying the defendant to the crime was the testimony of his accomplice. The accomplice, Everette Thompson, testified that he and the defendant burglarized a local co-op store. Id. at 320. The Court noted that there was a footprint at the scene that matched one of Thompson’s shoes, but that this fact merely “eorrobo-rate[d] Thompson’s admission that he had committed the crime.” Id. at 322 (emphasis in original). According to the opinion, the Court “examined the record and ... found no testimony which corroborates that of Everette Thompson as it refers to [the defendant].” Id. The Court reversed, saying that “[w]ithout the testimony of Everette Thompson, there is nothing to indicate that [the defendant] was in any *492 way involved in the burglary of the Co-op.” Id.
¶ 20. Likewise, in the instant case, there is nothing, other than Young and Veal’s testimony, tying Williams to the crime. Without their statements, the evidence would have been insufficient to support a conviction, a fact that is undisputed by the State. When the only evidence against the defendant is the testimony of an accomplice, “the trial judge must accede to the accused’s request and grant a cautionary jury instruction.” Id. at 323 (citing Catchings, 394 So.2d at 870; Green v. State, 456 So.2d 757, 758 (Miss.1984)).
¶ 21. At trial, the prosecutor argued that “the testimony of the co-defendants has been corroborated ... by each other.” Although the State does not make the same argument on appeal, we note that testifying accomplices cannot corroborate each other sufficiently to obviate the necessity of a cautionary jury instruction. This Court has held that a cautionary jury instruction is required even though multiple accomplices testify and may corroborate each other. E.g., Burns v. State, 729 So.2d 203, 223 (Miss.1998); Derden, 522 So.2d at 754. In addition, there is the well-settled rule that a cautionary jury instruction is required when the State’s case is based upon the testimony of an accomplice corroborated only by a confidential informant. Austin v. State, 784 So.2d 186, 193 (Miss.2001) (citing Edwards v. State, 630 So.2d 343, 344 (Miss.1994); Parker v. State, 378 So.2d 662, 663 (Miss.1980)). This is because both accomplice and informant testimony are, “by [their] very nature, looked upon with suspicion and distrust.” Id. If a confidential informant cannot corroborate an accomplice’s testimony because both are inherently untrustworthy, it follows that testifying accomplices cannot corroborate each other for the same reason.
¶ 22. Therefore, because the trial court failed to grant Williams’s cautionary jury instruction regarding the uncorroborated testimony of his co-defendants, the conviction is reversed, and the case is remanded for further proceedings.
¶ 23. REVERSED AND REMANDED.
WALLER, C.J., GRAVES, P.J., DICKINSON, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. CARLSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ.

. The three men were jointly indicted, but the State agreed to a severance of Williams’s case for trial.