IRVING, P.J.,
for the Court:
¶ 1. On May 15, 2009, a Lincoln County grand jury indicted George Albert Hudson Jr. for armed robbery and aggravated assault. On January 4, 2010, the State filed a motion to amend the indictment based on Hudson’s habitual-offender status, which the Lincoln County Circuit Court granted. At trial, the jury found Hudson not guilty of armed robbery, but guilty of aggravated assault. The circuit court sentenced Hudson as a habitual offender to twenty years in the custody of the Mississippi Department of Corrections (MDOC), without eligibility for parole or probation. Hudson filed a post-trial motion for a new trial or, in the alternative, for a judgment notwithstanding the verdict, which the circuit court denied.
¶ 2. Feeling aggrieved, Hudson appeals and argues that: (1) the circuit court erred in failing to issue a cautionary instruction to the jury regarding the victim’s testimony; (2) the circuit court erred in failing to admit the victim’s criminal record into evidence; (3) his indictment was illegal; (4) his sentence is illegal; (5) the circuit court erred in allowing the jury’s verdict to stand where Hudson was convicted of aggravated assault and acquitted of armed robbery; (6) the circuit court erred in failing to grant a change of venue based on pretrial publicity; (7) the circuit court erred in failing to inform him of his right to testify; and (8) the cumulative effect of the above errors deprived him of his right to a fair trial.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. On July 11, 2008, Chad Moak and his girlfriend, Leslie Rutledge, stopped at the A-l Quick Stop in Lincoln County, Mississippi, to buy candy for their children, who were riding in the car with *372 them. Moak testified that as he exited the store, he saw Hudson parked next to his car. According to Moak, he had known Hudson since kindergarten. Moak testified that when he approached Hudson’s car to speak to him, Hudson pulled out a gun and told him, “Get in, or I’m going to shoot you.” Moak got into the car with Hudson, and they drove to a nearby trailer park. At the trailer park, Moak testified that Hudson said, “Give me the money, or I’m going to shoot you.” Moak had cashed his economic stimulus check from the Internal Revenue Service that day and testified that he had between $600 and $700 dollars with him. Moak testified that he gave Hudson the money, and Hudson shot him in the chest.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Cautionary Instruction

¶ 6. Hudson contends that the circuit court erred in failing to grant a cautionary instruction for Moak’s testimony given that, at the time of the trial, Moak was incarcerated for possession of marijuana. However, the record is void of any request for a cautionary instruction by Hudson. The Mississippi Supreme Court has held that “[a] trial court has no duty to give unrequested instructions.” King v. State, 857 So.2d 702, 717 (¶24) (Miss.2003). Because Hudson failed to request a cautionary instruction at trial, he is procedurally barred from raising the issue on appeal. Id.
¶7. Procedural bar notwithstanding, Hudson was not entitled to a cautionary instruction. While our supreme court has highlighted the importance of cautionary instructions when testimony is offered by accomplices or “jail-house snitches,” it has never required such an instruction where the victim was incarcerated for an unrelated crime. See Williams v. State, 32 So.3d 486, 492 (¶ 21) (Miss.2010) (stating that accomplice testimony should be “looked upon with suspicion and distrust”); Sherrell v. State, 622 So.2d 1233, 1236 (Miss.1993) (warning that “jailhouse[-]snitch” testimony should be viewed with caution and suspicion). This issue lacks merit.

2. Victim’s Criminal Record

¶ 8. Hudson also contends that the circuit court erred when it failed to admit Moak’s criminal record into evidence. Again, based on our review of the record, there is no indication that Hudson sought to introduce such evidence at trial. Our supreme court has consistently held that a circuit court “cannot be held to err on an issue not presented to it for decision.” Pitchford v. State, 45 So.3d 216, 232 (¶ 57) (Miss.2010). Because Hudson never sought to introduce Moak’s criminal record into evidence, he is procedurally barred from raising the issue on appeal.
¶ 9. Procedural bar notwithstanding, evidence of Moak’s criminal record would have been inadmissible character evidence. While evidence of a victim’s character is generally irrelevant, it may be introduced in limited circumstances under Rule 404(a)(2) of the Mississippi Rules of Evidence.[1] One such circumstance would *373 be “where the defendant claims that the victim was the initial aggressor and that the defendant’s actions were in the nature of self-defense.” M.R.E. 404 cmt. Hudson has not alleged that he shot Moak in self-defense. Therefore, we see no basis for admitting Moak’s criminal record into evidence, especially where Hudson cross-examined Moak regarding his criminal activity, and Moak admitted that he was currently in the custody of the MDOC for possession of marijuana. This issue lacks merit.

3. Illegal Indictment

¶ 10. Hudson argues that his mul-ti-count indictment, charging him with armed robbery and aggravated assault, was illegal. Hudson takes issue with the fact that the charges from the multi-count indictment arose from a single act. However, as Hudson points out in his brief, the State filed the multi-count indictment pursuant to Mississippi Code Annotated section 99-7-2(1) (Rev.2007), which states:
Two (2) or more offenses which are triable in the same court may be charged in the same indictment with a separate count for each offense if: (a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan.
Based on the plain language of section 99-7-2(1), it was not illegal for the State to file a multi-count indictment charging Hudson with armed robbery and aggravated assault. Section 99 — 7—(l)(a) specifically permits crimes stemming from the same act or transaction to be charged in the same indictment. Based on Moak’s testimony, Hudson shot him after he robbed him of his economic stimulus check (i.e. Hudson’s criminal acts arose from the same act or transaction). This assignment of error is without merit.
¶ 11. Hudson also contends that his indictment is illegal because it failed to apprise him of the charges he faced and prevented him from preparing a proper defense. However, the record completely belies this contention. The indictment tracks the language of the statutes proscribing armed robbery and aggravated assault and cites the applicable statutes.[2] Our supreme court has held that “as a general rule, an indictment which tracks the language of a criminal statute is sufficient to inform the defendant of the charge against him.” Neal v. State, 15 So.3d 388, 397 (¶ 14) (Miss.2009) (quoting Jordan v. State, 995 So.2d 94, 109 (¶ 47) (Miss.2008)).
*374 ¶ 12. We note that on January 4, 2010, the State filed a motion to amend the indictment to allege that Hudson was a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), which the circuit court granted.[3] Rule 7.09 of the Uniform Rules of Circuit and County Court provides:
All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an [sic] habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement.... Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.
Therefore, “an indictment may be amended to charge an offender as a habitual offender only if the offender is given a ‘fair opportunity to present a defense and is not unfairly surprised.’ ” Wilson v. State, 935 So.2d 945, 949 (¶ 10) (Miss.2006) (quoting URCCC 7.09). The State put Hudson on notice that it sought to allege habitual-offender status months before trial. The circuit court granted the motion on April 21, 2010 — over a month prior to trial. As such, Hudson cannot complain that his amended indictment precluded him from presenting a defense or resulted in unfair surprise. This issue is without merit.
A Illegal Sentence
¶ 13. Hudson argues that the sentence imposed on him is illegal because it does not allow for parole or probation. As mentioned above, Hudson was eligible for an enhanced sentence as a habitual offender. As a habitual offender, the circuit court was required to sentence Hudson to the maximum term of imprisonment for aggravated assault — twenty years— without eligibility for parole or probation. Miss.Code Ann. § 99-19-81. “The general rule in Mississippi is that [an appellate court] will not disturb a sentence that does not exceed the maximum term allowed by the statute.” Thomas v. State, 48 So.3d 460, 478 (¶ 56) (Miss.2010) (citing Isom v. State, 928 So.2d 840, 850 (¶ 41) (Miss. 2006)). Because Hudson’s sentence does not exceed the maximum term allowed for aggravated assault, it will not be disturbed on appeal. This issue is without merit.

5. Acqvittal

¶ 14. Hudson argues that armed robbery encompasses the elements of aggravated assault, and, therefore, his acquittal of armed robbery precludes his conviction for aggravated assault. We disagree. Aggravated assault is defined as “attempting] to cause or purposely or knowingly causing] bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm....” Miss.Code Ann. § 97-3-7(2)(b) (Supp.2011). However, armed robbery is defined as “feloniously taking] or attempting] to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon.... ” Miss.Code Ann. § 97-3-79 (Rev.2006). Given the statutory definitions of these crimes, we find no merit in Hudson’s argument that the crime of aggravated assault is encompassed by armed robbery. A jury could *375 certainly find Hudson guilty of aggravated assault even if it did not find him guilty of armed robbery because the statutory elements of the two crimes differ. See Davis v. State, 750 So.2d 552, 564 (¶¶ 48-49) (Miss.Ct.App.1999) (holding that armed robbery and aggravated assault are “two legally separate, distinct crimes” requiring proof of different elements). Accordingly, Hudson’s acquittal of armed robbery does not warrant reversal of his aggravated-assault conviction. This issue is without merit.

6. Change of Venue

¶ 15. Hudson contends that the circuit court erred when it failed to grant a change of venue. However, based on our review of the record, there is no evidence that Hudson sought a change of venue. As stated above, the circuit court “cannot be held to err on an issue not presented to it for decision.” Pitchford, 45 So.3d at 232 (¶ 57). As such, this assignment of error is without merit.

7. Right to Testify

¶ 16. Hudson alleges that the circuit court did not advise him of his right to testify or not to testify. However, the record completely belies Hudson’s allegation. At trial, the circuit court advised Hudson of his right to testify as follows:
BY THE COURT: Mr. Hudson, if you would approach, please.... Before I swear you in, let me assure you that I’m not going to ask you anything about the case or the facts of the case, I’m only going to inquire, make sure that you understand your right to testify and your right not to testify in this case.... And if, during any of this — if, during this discussion, you wish to stop and talk to your attorney at any time, you may do so. All right?
BY HUDSON: Yes, sir.
[[Image here]]
BY THE COURT: Okay. Mr. Hudson, you’ve been here, this is your trial today, and I just want to make sure [that] you understand that the law gives you certain rights, and particularly I want to discuss with you right now your right to testify.
You have the right to testify. You have the right to take the stand and testify in your own defense. The law also gives you the right not to testify. You don’t have to testify, and you don’t have to offer any evidence at all. The burden of proof is on the State. You have both of those rights. If you choose not to testify, the State can’t comment on that. They can’t comment to the jury or point out the fact that you did not take the stand and testify. If you do testify, you will be subject to cross-examination. Just like when the State put on witnesses, your attorney had an opportunity to cross-examine them. And if you took the stand, the State would have an opportunity to cross-examine you. The choice as to whether or not you wish to testify is yours to make, but once made can’t be unmade. In other words, once you take the stand and testify, you can’t then decide [that] you don’t want to testify. And if you give up the chance to present evidence, once your side rests[,] you can’t decide then, [“]oh, I think I want to testify.[”] Once the case is over, that decision’s been made. You understand that?
BY HUDSON: Yes, sir.
BY THE COURT: Okay. The decision is yours to make. It’s one that you should make. You should make it after consultation and discussion with your attorney, but it’s ultimately your decision. You understand that?
*376 BY HUDSON: Yes, sir.
¶ 17. Following the above exchange between Hudson and the circuit court, the court allowed Hudson to consult with his attorney. After consulting with his attorney, Hudson decided not to testify. Based on the above, we hold that the circuit court adequately advised Hudson of his right to testify. This issue is without merit.

8. Cumulative Error

¶ 18. Finally, Hudson argues that the cumulative effect of the above alleged errors, deprived him of his right to a fair trial. An appellate court “may reverse a conviction and/or sentence based upon the cumulative effect of errors that independently would not require reversal.” Anderson v. State, 62 So.3d 927, 944 (¶ 62) (Miss.2011) (quoting Goff v. State, 14 So.3d 625, 672 (¶ 210) (Miss.2009)). However, in the present case, we have found no error. Consequently, Hudson’s allegation of cumulative eiTor is without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. Rule 404(a)(2) states:
(a) Evidence of a person’s character or a trait of his character is not admissible for the purpose of proving that he acted in
conformity therewith on a particular occasion, except:
[[Image here]]
(2) Evidence of a pertinent trait of char *373 acter of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution to rebut evidence that the victim was the first aggressorf.]

. The indictment reads, in pertinent part, as follows:
George Albert Hudson, Jr. did wilfully, unlawfully, and feloniously take from the person or presence of Chad Timothy Moak, against his will, cash moneyf,] which was the personal property of Chad Timothy Moak, by putting the said Timothy Chad Moak [sic] in fear of immediate injury to his person by the display and exhibition of a deadly weapon, to wit; a pistol, contrary to and in violation of Section 97-3-79 of the Mississippi Code of 1972, this being count one of the indictment[.]
[[Image here]]
George Albert Hudson, Jr. did wilfully, unlawfully, feloniously, and purposely or knowingfly] cause bodily injury to one Chad Timothy Moak, with a deadly weapon, to wit; a pistol, contrary to and in violation of Section 97-3-7 of the Mississippi Code of 1972, this being count two of the indictment. ...

. Hudson had previously been convicted of grand larceny, burglary of a dwelling, voyeurism, and uttering a forgery.