## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2014-KA-01356-COA

JOEL JONES A/K/A JOEL DUDLEY JONES          APPELLANT
A/K/A "BLUE"

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/25/2014 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCED TO TWENTY YEARS, WITH EIGHT YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $1,000 FINE; AND COUNT II, AGGRAVATED ASSAULT, AND SENTENCED TO TWENTY YEARS AND TO PAY A $1,000 FINE, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED – 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. Joel Jones appeals his convictions, by a jury in the Circuit Court of Lowndes County,

of two counts of aggravated assault. Jones raises the following issues: (1) the State's jury instruction on accomplice liability was an impermissible constructive amendment of the indictment; (2) the State presented no evidence to support the accomplice-liability instruction; and (3) the trial court erred in giving the State's cautionary instruction concerning accomplice testimony. Finding no error, we affirm.

## FACTS

¶2. On July 14, 2012, in Columbus, Mississippi, Jones was seen looking for an acquaintance, Alvin Johnson (Alvin), near Ash Street. The trial testimony showed that Jones was looking for Alvin because he owed Jones money. Later that same day, Jones was seen with two other individuals, Deandre Tillman and Taylor Conner. They arrived at the same portion of Ash Street, and a fistfight broke out between Alvin and Jones. Tillman and Conner joined the fight to help Jones, which prompted Zach Johnson (Zach) and Alson Glenn to join in to help Alvin. After the fight ended, Jones, Tillman, and Conner left. About twenty minutes later, they returned in Jones's car. Zach testified that Jones drove "up speeding and spinning tires," and that Jones pointed a shotgun out the window. Another witness, Vivian Hodges, the owner of the house where this took place, testified Jones stopped in front of the house and stated he was going to "shoot up in the crowd" and did not care whom he hit. Hodges told him to leave or she would call the police. He drove off.

¶3. Zach testified that later that evening, they again encountered Jones, Conner, and Tillman, as Zach, Alvin, Glenn, and two other individuals, Tomarcas Thomas and

Demontrell Hodges, were walking to a nearby convenience store. Jones drove toward them in his blue car, in which Conner and Tillman were passengers. There is conflicting testimony as to who exited the car and whether Jones or Conner pulled out a shotgun, but, during the confrontation, Zach and Thomas were shot. Zach was shot in the face, leaving him permanently blinded. Thomas, who was standing behind Zach, suffered wounds to his face.

¶4.     Both Zach and Thomas testified that Jones was the shooter. Also, Zach's friend Keith Brooks testified that he was nearby and saw Jones's car stop, the headlights turn off, and Jones exit the driver's seat with a shotgun. However, Glenn testified only Conner had a gun. Glenn stated that, although he did not see who fired the shot, he saw Conner with a shotgun seconds before the shooting took place, and that at no time did Conner set the gun down or give it to Jones. Tillman, who testified on Jones's behalf, stated that Conner was the shooter and that Zach also had a gun.

¶5.     Jones was indicted on October 25, 2012, on two counts of aggravated assault and one count of intimidating a witness.[1] The State's theory of the case was that Jones was the shooter and was aided by his co-defendants, Tillman and Conner. Although Jones was indicted as a principal, the State introduced a jury instruction as to accomplice liability and a cautionary instruction concerning accomplice testimony. Jones did not object to the accomplice instruction during the trial.

---

[1] Jones was acquitted of intimidating a witness; therefore, this appeal focuses on his two aggravated-assault convictions.

3

¶6.     Jones was found guilty of both counts of aggravated assault.  On Count I, he was sentenced to twenty years, with eight years suspended, and five years of post-release supervision, and ordered to pay a $1,000 fine.  On Count II, he was sentenced to twenty years and ordered to pay a $1,000 fine. The sentences were ordered to run consecutively in the custody of the Mississippi Department of Corrections.  This appeal followed.

**DISCUSSION**

*I.      Constructive Amendment of the Indictment*

¶7.     Jones argues that the State's instruction on accomplice liability constructively amended the indictment because it expanded the scope under which he could be found guilty. He argues that the jury instruction "gutted" his theory of defense that he was not the shooter and deprived him of his constitutional rights of notice and due process.

¶8.     Jones was indicted on two counts of aggravated assault under Mississippi Code Annotated section 97-3-7(2)(a) (Supp. 2015).  Count I of the indictment charged that Jones "did unlawfully, willfully, feloniously, purposely[,] and knowingly cause bodily injury to Tomarcus Thomas . . . with a deadly weapon, to-wit:  a shotgun, by shooting the said Tomarcus Thomas with said shotgun; without authority of law and not in necessary self[-]defense[.]" Count II charged that Jones "did unlawfully, willfully, feloniously, purposely[,] and knowingly cause bodily injury to Zac[h] Johnson, a human being, with a deadly weapon, to-wit:  a shotgun, by shooting the said Zac[h] Johnson in the face with said shotgun; without authority of law and not in necessary self-defense[.]"  Jones argues the State's proof at trial

4

was consistent with the indictment—that is, the State set out to show that Jones was the principal shooter, not an accomplice.

¶9.     Jury instruction S-5 on accomplice liability reads:[2]

> The [c]ourt instructs the jury that the guilt of a [d]efendant in a criminal case may be established without proof that the [d]efendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through the direction of another person as his or her agent, by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.
>
> If another person is acting under the direction of the [d]efendant or if the [d]efendant joins another person and performs acts with the intent to commit a crime, then the law holds the [d]efendant responsible for the acts and conduct of such other persons just as though the [d]efendant had committed the acts or engaged in such conduct.
>
> Before the [d]efendant may be held criminally responsible for the acts of others[,] it is necessary that the [d]efendant deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.
>
> Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the [d]efendant either directed or aided and abetted the crime, unless you find beyond a reasonable doubt that the [d]efendant was a participant and not merely a knowing spectator.
>
> In other words, you may not find the [d]efendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the [d]efendant voluntarily participated in its commission with the intent to violate

---

[2] This instruction tracks the United States Fifth Circuit Court of Appeals' pattern jury instruction on aiding and abetting, which our supreme court adopted in *Milano v. State*, 790 So. 2d 179, 185 (¶21) (Miss. 2001).

the law.

¶10.    Jones failed to object to instruction S-5 at trial. Our supreme court has repeatedly held "that an offended party's failure to object to jury instructions at trial procedurally bars the issue on appeal." *Neal v. State*, 15 So. 3d 388, 397 (¶13) (Miss. 2009) (quoting *Smith v. State*, 835 So. 2d 927, 939 (¶34) (Miss. 2002)). Therefore, this issue is procedurally barred.

¶11.    Notwithstanding the procedural bar, we find this issue is without merit. As explained by the supreme court:

> A constructive amendment of an indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged. A constructive amendment of an indictment is reversible per se. Reversal is automatic because the defendant may have been convicted on a ground not charged in the indictment.

*Graham v. State*, 185 So. 3d 992, 1001 (¶25) (Miss. 2016) (citations omitted). However, "[n]ot all variances between the indictment and instructions constitute a constructive amendment." *Id.* Rather, the court on appeal must consider "whether the variance is such as to substantially alter the elements of proof necessary for a conviction." *Id.* This Court has specifically found, under facts similar to the present case, that if the evidence supports an accomplice-liability jury instruction, the instruction is permissible and does not constructively amend the indictment. *Johnson v. State*, 956 So. 2d 358, 362-66 (¶¶7-18) (Miss. Ct. App. 2007).

¶12.    In *Johnson*, James Johnson, similarly to Jones, argued "that the trial judge erred by [giv]ing a jury instruction which . . . enlarged his liability by allowing the jury to convict him

6

of capital murder even if the jury did not believe that Johnson was the actual triggerman." *Id.* at 362 (¶9). Johnson asserted that the accomplice-liability instruction was improper because "neither the indictment, which charged [him] as a principal, nor the State's theory of liability during its case-in-chief gave him notice that he may be found guilty based on an accomplice theory of guilt." *Id.* This Court found no merit to Johnson's claim, since under the statutory language of Mississippi Code Annotated section 97-1-3 (Rev. 2006), "an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such[.]" *Johnson*, 956 So. 2d at 363 (¶12) (quoting Miss. Code Ann. § 97-1-3). We held that "[t]he clear language of section 97-1-3, as well as the holdings of both this Court and the Mississippi Supreme Court interpreting and applying that provision, provide[s] sufficient notice to felony defendants that although they may be indicted as a principal, a jury instruction based on accomplice liability is proper, provided that 'the evidence presented supports the instruction given.'" *Johnson*, 956 So. 2d at 363 (¶12) (quoting *Pratt v. State*, 870 So. 2d 1241, 1250 (¶28) (Miss. Ct. App. 2004)).

¶13.    Based on our established caselaw, an accomplice instruction is not prohibited simply because accomplice liability is not charged in the indictment. When the given jury "instructions fairly announce the law of the case and create no injustice, no reversible error will be found." *Williams v. State*, 803 So. 2d 1159, 1161 (¶7) (Miss. 2001). Because our law states that an accomplice to a felony before the fact is liable as a principal, we find that the indictment was not constructively amended by the accomplice-liability jury instruction and

7

that Jones was not deprived of notice or due process.

¶14.    We find Jones's argument that the accomplice-liability instruction constructively amended the indictment is procedurally barred and, alternatively, without merit. However, before we decide whether the jury instruction was properly given, we must first determine whether the evidence presented at trial supported the instruction.

*II.      Evidence Supporting the Accomplice-Liability Jury Instruction*

¶15.    "Jury instructions are within the discretion of the trial court[,] and the settled standard of review is abuse of discretion." *Campbell v. State*, 125 So. 3d 46, 55 (¶25) (Miss. 2013). In reviewing challenges to jury instructions, the instructions must be read as a whole. *Id.* "When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." *Williams*, 803 So. 2d at 1161 (¶7). The trial court may refuse an instruction if it is "without foundation in the evidence." *Johnson*, 956 So. 2d at 362 (¶7).

¶16.    Jones asserts the accomplice-liability instruction was not supported by the evidence, as the State's case-in-chief centered on its theory that Jones was the shooter. Again, Jones did not object to the jury instruction and is now procedurally barred from doing so. *See Neal*, 15 So. 3d at 397 (¶13). Notwithstanding, we find Jones's assertion is without merit. Conflicting testimony was presented as to who carried out the assaults on Zach and Thomas. Both Zach and Thomas testified that Jones was the shooter. However, Glenn and Tillman testified Conner was the only one with a weapon. Further, Jones's defense at trial was that

8

Conner was the shooter and that this was supported by the state crime lab's report, which indicated the presence of gunshot residue on Conner's hands, but not Jones's.

¶17. Given the conflicting testimony and Jones's own theory of defense, there was evidence to support the accomplice-liability jury instruction. "[A]ny person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an 'aider and abettor' and is equally guilty with the principal offender." *Hooker v. State*, 716 So. 2d 1104, 1110 (¶19) (Miss. 1998). There was no dispute that Jones was present at the scene of the shooting. There was also no dispute that Jones was involved in the altercation earlier in the day and was the driver of the car that approached and fled from the scene of the shooting. Further, Jones, Conner, and Tillman were found together in Jones's car shortly after the shooting and arrested. It was for the jury to determine whether Jones acted as an accomplice or principal to the shootings. *See Flynt v. State*, 183 So. 3d 1, 10 (¶20) (Miss. 2015) ("Factual disputes are properly resolved by a jury[.]"). As the evidence presented supported the accomplice-liability jury instruction, we cannot find the trial court abused its discretion in giving the instruction. This issue is without merit.

### III. Cautionary Jury Instruction on Accomplice Testimony

¶18. Jones argues that the cautionary instruction requested by the State and given by the trial court on Tillman's accomplice testimony was impermissible. Jones argues that the instruction was improper and unnecessary because Tillman's testimony was corroborated. He further argues that the instruction was unwarranted because Tillman had nothing to gain

9

from testifying.

¶19.    "[T]he jury is to regard the testimony of co-conspirators with great caution and suspicion." *Williams v. State*, 32 So. 3d 486, 490 (¶12) (Miss. 2010).  The decision whether to give a cautionary instruction is within the trial judge's discretion.  *Id.*  However, "such an instruction is required when the accomplice's testimony is the sole basis for the conviction, and the defendant's guilt is not clearly proven."  *Id.*

¶20.    The S-6 cautionary instruction concerning accomplice testimony, which was objected to by Jones, states:

> The [c]ourt instructs the [j]ury that [Tillman] is an alleged accomplice in this case.  The [c]ourt has already instructed you that you, as jurors, are the sole judges of the weight and credit to be assigned the testimony and supporting evidence of each witness who has testified in this case.  However, since [Tillman] is an alleged accomplice in this case, any testimony of [Tillman] which you find to be uncorroborated by other evidence should be viewed with great caution and suspicion if you find such uncorroborated testimony to be unreasonable, self[-]contradictory[,] or substantially impeached.

¶21.    Tillman's testimony that Conner, not Jones, was holding the shotgun at the time of the shooting was corroborated by Glenn's testimony.  Glenn testified consistently that only Conner had a gun.  Jones argues that because Tillman's testimony regarding the shooting was corroborated, the cautionary instruction should have been refused.  He further argues that it is usually the defendant, not the State, who seeks a cautionary instruction to protect against wrongful conviction, and that it is inappropriate for the State to request and be given such an instruction, given that the State can scrutinize accomplice testimony through cross-examination.

10

¶22. We cannot find the trial court was prohibited from giving the cautionary instruction because Tillman's testimony regarding the shooter was corroborated or because the instruction was requested by the State. While our caselaw states that a cautionary instruction must be given when the accomplice testimony is uncorroborated, there is no authority for the proposition that such an instruction must be refused if the testimony happens to be corroborated. Rather, this Court has held that "if the accomplice's testimony is corroborated, whether to give the cautionary instruction is within the trial judge's discretion." *Stribling v. State*, 81 So. 3d 1155, 1161 (¶25) (Miss. Ct. App. 2011).

¶23. Regardless, the language of the jury instruction focused on any part of Tillman's testimony that the jury may have found to be uncorroborated, stating, "any testimony of [Tillman] which you find to be uncorroborated by other evidence should be viewed with great caution and suspicion[.]" Further, although Jones argues that Tillman had nothing to gain from his testimony, the State contends that he may have gained reciprocal testimony from Jones, which could have served as his motivation to testify. Therefore, the State asserts that his testimony should be given the same scrutiny as if he were testifying for the State against Jones. We cannot find that the trial judge abused his discretion in giving the cautionary instruction as to Tillman's accomplice testimony. This issue is without merit. Accordingly, we affirm.

¶24. **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS, WITH EIGHT YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $1,000 FINE; AND COUNT II,**

11

**AGGRAVATED ASSAULT, AND SENTENCE OF TWENTY YEARS AND TO PAY A $1,000 FINE, WITH THE SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**