DICKINSON, Presiding Justice,
concurring in part and in result:
¶ 62. While I agree with most of the majority’s analysis and with the ultimate conclusion it reaches, I write separately to address the third issue raised by the appellant regarding accomplice cautionary instructions.
¶63. My view on accomplice instructions mirrors the view I expressed about flight instructions in Burgess v. State.[5] They not only are patently unnecessary and confusing, but they serve to usurp the jury’s prerogative. Jurors already are instructed that they may draw reasonable inferences from the evidence presented,[6] and attorneys on both sides may present their arguments to the jurors as to what particular inferences they believe the jury should draw.[7] But in my view, accomplice instructions and flight instructions both improperly allow the trial judge to comment on the credibility to be assigned to certain evidence, thereby impermissibly influencing the jury’s verdict. '
¶ 64. Flight instructions tell jurors they may infer “guilty knowledge” from flight— in essence, instructing jurors that they may infer that defendants are guilty of the crime of which they are accused, merely from the evidence of his or her flight. I find it impossible to conclude that no juror would zero in on this instruction and-bypass the State’s ordinary burden to prove every element of the crime beyond a reasonable doubt.
¶ 66. Accomplice instructions suggest that jurors “regard the testimony of co-conspirators with great caution and suspicion,” [8] thereby basically commanding the jury to disbelieve such testimony when credibility determinations are supposed to *619 be left exclusively up to the jury. The jury alone should' determine what weight, if any, to give to a witness’s testimony, whether the witness is an accomplice or saint. These instructions improperly interfere with that process. Simply put, accomplice instructions pose an unfair risk that some jurors will completely disregard a witness’s testimony, not based on the witness’s credibility, but because they were instructed to “regard it with caution and suspicion.”
¶ 66. In sum, just as flight instructions are unfair and unnecessary, so too are accomplice instructions. Both are troubling examples of a trial judge improperly intervening in the jury’s exclusive province. Consequently, they have no place in our justice system. Accordingly, like flight instructions, I believe this Court should abolish accomplice instructions altogether.

. Burgess v. State, 178 So.3d 1266, 1282-83 (Miss.2015).

. Flowers v. State, 158 So.3d 1009, 1081-82 (Miss.2014) vacated by Flowers v. State, — U.S. -, 136 S.Ct. 2157, 195 L.Ed.2d 817 (2016).

. Pitchford v. State, 45 So.3d 216, 234-35 (Miss,2010); Goff v. State, 14 So.3d 625, 654 (Miss.2009) (quoting Bell v. State, 725 So.2d 836, 851 (Miss.1998)).

. Williams v. State, 32 So.3d 486, 493 (Miss.2010) (quoting Derden v. State, 522 So.2d 752, 754 (Miss.1988)).