MAXWELL, Justice,
concurring in part and in result:
¶ 67. I agree Jones’s conviction should be affirmed. But I write separately because I disagree the trial judge erred by giving an instruction a majority of this court approved. I also disagree with the majority’s newly crafted accomplice instruction. I would instead propose a simpler, more direct accomplice instruction.
¶ 68. I first point out that I agree with the majority that the question of whether a defendant is “entitled” to an accomplice instruction only arises if the defendant requests an accomplice instruction. See Williams v. State, 32 So.3d 486, 492 (Miss.2010) (holding “the trial judge must accede to the accused’s request and grant a cautionary jury instruction” when accomplice testimony is “the only evidence against the defendant” (emphasis added) (quoting Holmes v. State, 481 So.2d 319, 322 (Miss.1985))). This much is clear, since Mississippi law “does not impose upon a trial court a duty to instruct the jury sua sponte[.]” Conner v. State, 632 So.2d 1239, 1254 (Miss.1993). So only when such a request is denied do we ask on appeal if the lack of corroboration made it error for the trial court to refuse to give an accomplice instruction. See Williams, 32 So.3d at 490; Holmes, 481 So.2d at 322-23.
¶ 69. I do, however, strongly disagree with the majority hoiding the trial judge in error for giving the exact instruction a majority of this court approved in Williams. Maj. Op. 36. See Williams, 32 So.3d at 494-95 (Carlson, P.J., specially concurring). If a majority of this court wants to supercede Presiding Justice Carlson’s special concurrence in that case— which was joined by five other members of this court for a six-member majority — then so be it. But I fail to see how we can'hold the trial court in error, even harmless error, for doing exactly what a majority of this court suggested.
¶ 70, Finally, I disagree -with the majority’s newly proposed instruction, which would require naming the accomplice (in four separate places) — a mandate with no basis in Mississippi law. This instruction also rehashes much of’ what is already given in most trial judges’ general jury charge.
¶ 71. If this court finds our trial courts need a better pattern instruction than the one proposed in Williams, then I suggest the following simpler, more direct instruction:
The testimony of an alleged accomplice must always be examined and weighed by the jury with greater caution.and suspicion than the testimony of ordinary witnesses. You should never 'convict any defendant upon the unsupported testimony of such a witness unless you *620 believe that testimony beyond a reasonable doubt.[9]
This instruction embodies the “[c]lear law in the State of Mississippi ... that the jury is to regard the testimony of co-conspirators with great caution and suspicion.” Williams, 32 So.3d at 490 (quoting Derden v. State, 522 So.2d 752, 754 (Miss.1988)). And it takes a straightforward approach to highlighting the circumstances that have led to the jury being cautioned— the uncorroborated testimony of an accomplice.
¶ 72. For these reasons, I concur in part and in the result.
RANDOLPH, P.J., JOINS THIS OPINION. LAMAR, COLEMAN AND BEAM, JJ., JOIN THIS OPINION IN PART.

. This proposed instruction is a shortened version of the Fifth Circuit's Criminal Jury Instruction 1.14 (2001). The entire pattern instruction reads:
The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.
The Fifth Circuit has cited this instruction with approval multiple times. E.g., United States v. Ordonez, 286 Fed.Appx. 224, 237 (5th Cir.2008) (no error to instruct juty to consider unsupported testimony of an accomplice or co-conspirator with great care and not to convict on their unsupported testimony "unless you believe that testimony beyond a reasonable doubt"); United States v. Zavala, 541 F.3d 562, 578 (5th Cir.2008); United States v. Garcia Abrego, 141 F.3d 142, 153 (5th Cir.1998); United States v. Goff, 847 F.2d 149, 161 n. 13 (5th Cir.1988); United States v. D’Antignac, 628 F.2d 428, 435 n. 10 (5th Cir.1980); Willcerson v. United States, 591 F,2d 1046 (5th Cir. 1979) (approving an instruction that testimony of a co-conspirator must be weighed with caution).